IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| WAYNE JONES | § | |
| VS. | § | CIVIL ACTION NO. 1:23cv459 |
| TDCJ-PARDONS AND PAROLES DIV. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Wayne Jones, an inmate confined at the Jefferson County Correctional Facility, proceeding *pro se*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 against the Pardons and Paroles Division of the Texas Department of Criminal Justice and Shedrick Lewis, a parole officer. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Allegations

Plaintiff alleges that on August 2, 2023, he was arrested for violating the terms of his release on parole. He states that pursuant to Section 508.282 of the Texas Government Code, officials were required to dispose of the charges which resulted in his arrest within a specified time period. Plaintiff asserts that even though the applicable time period expired on November 2, 2023, the parole revocation warrant has not been withdrawn and he has not been released. Plaintiff seeks compensation for being improperly confined.

Standard of Review

Pursuant to 28 U.S.C. § 1915A, a district court shall dismiss a complaint filed by a prisoner seeking redress from a governmental entity or an officer or employee of a governmental entity, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." A complaint may be dismissed for failure to state a claim if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While

a complaint need not contain detailed factual allegations, the plaintiff must allege sufficient facts to show more than a speculative right to relief. *Id*. at 555.

## Analysis

Plaintiff complains that he has not been released as required by statute. For the reasons set forth below, his request for money damages based on his allegations is barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994).

*Heck* provides that in order to recover damages for allegedly unconstitutional convictions or imprisonment, or for other harms caused by actions whose unlawfulness would render a conviction or incarceration invalid, a plaintiff must prove that the imprisonment has been reversed on appeal, expunged by executive order or called into question by the issuance of a writ of habeas corpus. *Id.* at 486-87.

As a result, when a court considers a claim that a plaintiff has been improperly incarcerated, the court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of the plaintiff's confinement. If it would, the complaint must be dismissed unless the plaintiff can demonstrate that the confinement challenged has already been invalidated. *Heck*, 512 U.S. at 487. If, however, the court determines that the plaintiff's action, even if successful, would not demonstrate the invalidity of the plaintiff's confinement, the action should be allowed to proceed. *Id*.

Plaintiff contends that if officials have acted in accordance with a state statute, he would no longer be confined. As a result, if plaintiff were to receive a judgment in his favor in this lawsuit, the judgment would necessarily imply that he is wrongfully imprisoned. As plaintiff does not state that his imprisonment has been invalidated, he may not proceed with a claim for money damages. This lawsuit should therefore be dismissed.

## Recommendation

This civil rights lawsuit should be dismissed.

### Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions which are accepted by the district court, *Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

SIGNED this 26th day of April, 2024.

_____
Zack Hawthorn
United States Magistrate Judge